IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER THIRTEEN |
| | : | |
| WILLIAM ALAN STAUDER | : | BANKRUPTCY NO.: 5-07-bk-51989 |
| KIMBERLY ANN STAUDER, | : | |
| | : | |
| DEBTORS | : | |
| | : | |
| WILLIAM ALAN STAUDER | : | {**Nature of Proceeding**: Objections to |
| KIMBERLY ANN STAUDER, | : | Claims #6 (Doc. #37); #8 (Doc. #38); |
| | : | and #9 (Doc. #39)} |
| OBJECTORS | : | |
| | : | |
| vs. | : | |
| | : | |
| eCAST SETTLEMENT CORP., | : | |
| | : | |
| RESPONDENT/CLAIMANT | : | |

# OPINION

The issues in this case have been the frequent subject of litigation in a multitude of bankruptcy courts throughout the country. In this Chapter 13 case, the Debtors, William and Kimberly Stauder, have objected to proofs of claim numbers 6, 8, and 9, all filed by the Claimant, eCast Settlement Corporation. The substance of each objection is that the Claimants have failed to attach sufficient documentation to the claim form to allow that claim to be accorded "prima facie" validity. Besides filing a response to the Objection, the Claimant has filed an Amended Proof of Claim, which attached additional documentation to the Official Form.

At the time of hearing, neither side proffered any testimony, but they did make argument which asked this Court to take judicial notice of the current filing as well as a

[m:\users\cathy\opinions\5-07-bk-51989_Stauder.wpd]

prior bankruptcy of the Debtors.

The issues have been briefed and the matters are ripe for disposition.

The fundamental issue, as I see it, is who has the burden to do what, and when does it shift.

Typically, an objection to a proof of claim creates a contested matter in a bankruptcy case. See Committee comments to Federal Rule of Bankruptcy Procedure 3007. A contested matter in bankruptcy court is the equivalent of a federal court motion and is disposed of in similar fashion, with the movant bearing the burden of persuasion. "Ordinarily the burden of proof is upon the party claiming the affirmative of the issue." *Maxwell Land-Grant Co v. Dawson* 151 U.S. 586, 604, 14 S.Ct. 458, 464 (U.S.1894).

> The burden of proof for claims brought in the bankruptcy court under 11 U.S.C.A. § 502(a) rests on different parties at different times. Initially, the claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is " prima facie " valid. *In re Holm*, 931 F.2d 620, 623 (9th Cir.1991) (quoting 3 L. King, *Collier on Bankruptcy* § 502.02, at 502-22 (15th ed. 1991)). In other words, a claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward. The burden of going forward then shifts to the objector to produce evidence sufficient to negate the prima facie validity of the filed claim. It is often said that the objector must produce evidence equal in force to the prima facie case. *Id*.; *see In re Windsor Communications Group, Inc*., 45 B.R. 770, 773 (Bankr.E.D.Pa.1985). In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence. *See In re WHET, Inc*., 33 B.R. 424, 437 (Bankr.D.Mass.1983). The burden of persuasion is always on the claimant. *Holm*, 931 F.2d at 623 (quoting *Collier* § 502.02, at 502-22); *Windsor Communications*, 45 B.R. at 773.

*In re Allegheny Intern., Inc*. 954 F.2d 167, 173 -174 (C.A.3 (Pa.),1992).

It is the application of Federal Rule of Bankruptcy Procedure 3001(f) that provides that "a proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." This advantage, however, is qualified by the requirement that such filing requires the attachment of the writing, if any, upon which the claim is based. Federal Rule of Bankruptcy Procedure 3001(c).

In the matter before me, the bankruptcy was filed on August 8, 2007. Claims 6, 8, and 9 were filed September 11, 2007, September 27, 2007, and September 27, 2007, respectively. Objections were filed by the Debtors on December 6, 2007. Amended claims were filed on February 4 and 11, 2008, shortly before the hearing on February 20, 2008.

In regard to the original claims filed, eCast alleged the existence of credit card debt and attached what has been described as an "account summary" which simply states a balance as of September 7, 2007.

I fully comprehend the rationale for the advantage given to claim filers who choose to attach a writing to their proof of claim. After all, Federal Rule of Bankruptcy Procedure 1001 emphasizes that the bankruptcy rules should be construed to secure the just, speedy, and inexpensive determination of every proceeding. Nevertheless, the mere attachment of a document of questionable utility to a claim form could hardly represent what the drafters of the bankruptcy contemplated when they drafted Federal Rule of Bankruptcy Procedure 3001(c). In fact, the so-called "summary" adds little to the claim form except an invitation to call a Claims Supervisor if further information is desired.

The amended claims show a marginally greater effort to support the proof of

claim.

Amended claim #6 attaches (1) the same summary, (2) a "Sears Statement Transaction Reference Report" identifying a balance of $515.32 owed by Kimberly A. Stauder, and (3) a copy of a "Bill of Sale and Assignment" where Citibank, as an alleged successor to Sears, sells some, but not all accounts to eCast. No indication is made that the Debtor's account was either included or excluded. No copy of a transfer from Sears to Citibank is attached.

Amended claims #8 and #9 attach (1) the same summary, and (2) an "Affidavit of Sale" signed by one, Debra A. Pelliccario, an assistant vice-president for Bank of America, formerly MBNA, offering that eCast purchased William Stauder's accounts. That Affidavit does not appear to be the type of writing that Federal Rule of Bankruptcy Procedure 3001(c) references in establishing validity to a legitimate assignment. Rather, the Affidavit appears to be pure hearsay by a corporate employee as to whether her current employer sold accounts to the current claimant. No explanation is advanced as to the absence of a copy of the actual assignment of the claim. If I conclude that the Claimant has attached sufficient documentation to the claims advanced, that finding would be dispositive since the Debtors chose to offer no evidence at the hearing on the claim.

Should these writings not be sufficient, there appears to be some question of what authority the Court would have to dispose of the Debtors' Objection. In the Eighth Circuit BAP opinion of *In re Kirkland*, Section 502(b) of the Bankruptcy Code was examined. That Court concluded the reasons justifying the disallowance of claims listed

in Section 502(b) were exclusive and, therefore, the mere absence of attached writings could not result in the disallowance of a claim. *In re Kirkland*, 379 B.R. 341 (10th Cir. BAP, 2007). In accord, *In re Heath*, 331 B.R. 424 (9th Cir. BAP, 2005), *In re Dove-Nation,* 318 B.R. 147 (8th Cir. BAP, 2004). On the other hand, the First Circuit BAP saw the failure to produce an assignment of a claim to the current holder as sufficient grounds for disallowance of a claim. *In re Melillo*, 392 B.R. 1 (1st Cir. BAP, 2008). In *In re Perron*, a case similar to the one before me, the debtor objected to the claims of a creditor that attached mere summaries to the claim. The Court tacitly agreed with the insufficiency of the attachment , but concluded that Section 502(b) did not permit a disallowance of the claim for that reason. *In re Perron*, 350 B.R. 628 (6th Cir. BAP, 2006).

     I do conclude that the documentation attached to the claims does not meet the requirements of Federal Rule of Bankruptcy Procedure 3001(c) and, therefore, the claims can not serve as prima facie proof of their validity. Nevertheless, having said that, I turn to the record to determine whether Claimant has tendered evidence sufficient to establish their claim. While I did earlier remark that no testimony was offered, the parties agreed that I could take judicial notice of Debtors' current bankruptcy as well as an earlier filing to docket number 5-03-bk-54558. Those admissions against interest can be considered under Federal Rule of Evidence 802(d)(2). In that earlier bankruptcy, the Debtors did schedule, as undisputed, a certain obligation to eCast in the amount of $1477.69, an amount identical to that listed in Claim #9. Regarding Claim #8, the earlier bankruptcy filing also listed, as undisputed, a claim owing to Sears for $468.95 and a similar account

number. While the earlier case included evidence of a transfer from Citibank to eCast, I have received no evidence establishing a transfer from Sears to Citibank. Furthermore, no probative evidence was tendered in regard to Claim #6.

    I am satisfied that the Claimant has presented sufficient evidence to prevail on Claim #9. Claims #6 and #8 must fail since the Claimant has failed to establish enforceable claims under 11 U.S.C. § 502(b)(1).

    An Order will follow.

Date:   October 16, 2008

                                         /s/ John J. Thomas
                                         John J. Thomas, Bankruptcy Judge
                                                                  (CMS)

*This opinion is electronically signed and filed on the same date.*